C. H. HOLDEN v. KINSEY MAXFIELD.[1]

December 23, 1904.

Nos. 14,165—(124).

**Conversion—Charge to Jury.**

In an action to recover the value of a carload of grain shipped to defendant, a commission merchant, by plaintiff, it is *held* that the evidence sustains the verdict, and that there were no reversible errors in the charge of the court to the jury, nor in the admission or exclusion of evidence.

Action in the district court for Hennepin county to recover from defendant $265.71, and interest, for the conversion of a carload of grain.

[1] Reported in 101 N. W. 955.

The case was tried before Harrison, J., and a jury, which rendered a judgment in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Wm. H. Hallam,* for appellant.

*S. B. Wilson* and *L. J. Van Fossen,* for respondent.

BROWN, J.

Action to recover the proceeds of a carload of grain alleged to have been shipped to defendant by plaintiff for sale. Plaintiff had a verdict in the court below, and defendant appealed from an order denying his motion for a new trial.

One Thorstensen was a grain dealer at Amboy, this state, and had issued numerous warehouse receipts for grain stored and deposited with him, a number of which were issued to plaintiff in this action, and the Bank of Amboy had purchased a large number issued to other depositors of grain. On July 2, 1903, there was shipped to defendant, a grain commission merchant at Minneapolis, for sale and remittance to the owners, a number of cars of grain from the Thorstensen warehouse. Among them was the car in question, which was shipped in the name of the plaintiff, who claims that the grain therein belonged to him. The other cars were shipped in the name of the bank. The car in question was received by defendant, but he refused to account for the proceeds to plaintiff, and this action followed. The defense to the action was that plaintiff was neither the owner nor the shipper of this particular grain; that it in fact belonged to Thorstensen, who was heavily in debt and on the verge of bankruptcy, and that the shipment was made in the name of plaintiff as a pretense and cover to keep the same from Thorstensen's creditors; that, at the time the grain was received by defendant, Thorstensen was indebted to him in a sum nearly equal to the value of the grain shipped. The sole question in this case, under the issues presented by the pleadings, was the ownership of the grain—whether it belonged to plaintiff or to Thorstensen.

Defendant contends that the verdict of the jury is not sustained by the evidence; that it should be vacated and set aside, and a new trial granted. The evidence in support of plaintiff's claim, though in some respects contradictory and not wholly free from suspicion, tends to

support the verdict, and it cannot be set aside. Plaintiff was a farmer, and had delivered to Thorstensen a large quantity of grain for storage in the latter's warehouse, and at the time in question held warehouse receipts for the grain so stored, and the claim in his behalf is that the grain in question was turned over to him in satisfaction of such receipts. The witnesses were before the trial court, and it had opportunity to observe their demeanor while on the stand, and their apparent candor and truthfulness; and its approval of the verdict of the jury gives weight to the result reached, which the contradictions in the evidence tending to show plaintiff's title to the grain do not overcome.

At the time the grain in question was shipped to defendant a number of other cars of like grain were also shipped by the bank, which held wheat receipts against Thorstensen. One Fuller, an officer of the bank, attended to the matter of shipping the grain, and procured from the railway station agent a bill of lading for the car in question, and delivered it to plaintiff. In this connection the court charged the jury that it was immaterial whether Fuller went to the agent and actually had the bill of lading signed, or whether some other person did so; and of this instruction defendant complains. The instruction, taken in connection with what the trial court said to the jury on this subject, relieves it from any criticism. The language of the court was:

> It is not very material whether Fuller went there and actually had this bill of lading signed, or some other person. It is a question for you to determine what this transaction actually was—whether the shipment was one made in the name of Holden to cover up and conceal the fact that Thorstensen was actually the owner and entitled to the proceeds of this grain, or whether in fact Holden was the owner.

It was not the intention of the court in giving this instruction to eliminate from the consideration of the jury, in determining the ownership of the grain, the fact that Fuller, an officer of the bank, shipped the grain and procured the bill of lading from the station agent. What the court intended was simply that the fact that Fuller attended to that branch of the business was not of controlling importance in the case.

Defendant also complained of the charge of the court to the jury respecting the burden of proof. On this subject the court said:

> With reference to the burden of proof, it rests in this case upon the plaintiff to show that this grain was shipped by him, or by some one on his behalf. The grain was shipped in his name, and was received and reported upon by the defendant as Mr. Holden's grain, and if there was any fraud in this transaction, the burden of proof is upon the defendant, who has alleged it, to show it.

There was no error in this instruction. As applied to the issues presented by the pleadings, it was a correct statement of the law of the case. Plaintiff had alleged that he was the owner of the grain and entitled to the proceeds of the same, and clearly the burden of proof was upon him to establish that fact. Defendant alleged in his answer that plaintiff was not the owner; that, although the grain was shipped in his name, it was so shipped as a cover, and to cheat and defraud the creditors of Thorstensen; and the burden to prove this alleged fraud was upon defendant.

We have examined all the other assignments of error, and discover no reason for interfering with the order appealed from. The charge of the court, taken as a whole, was a clear and fair statement of the issues in the case, and of the principles of law applicable thereto.

Order affirmed.