# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

C. E. BLACKORBY v. FRIEND, CROSBY & COMPANY.[1]

July 7, 1916.

Nos. 19,854—(214).

**Bailment — assertion of adverse claim to property.**

1. A bailee must return the property or its proceeds to the bailor before he can assert a claim thereto adverse to the bailor.

**Estoppel of factor.**

2. A factor or commission merchant is both a bailee and a sales agent, and is estopped from attacking the title of the consignor to the proceeds of property consigned to and sold by him until he has delivered such proceeds to the consignor.

**Same — exceptions.**

3. There are various exceptions to the above rule, as where the bailee has yielded to a paramount title asserted by a third party without his connivance, or where a fraud is being perpetrated upon him.

[1] Reported in 158 N. W. 708.

Note.—As to right of bailee to assert against his bailor the hostile, adverse, paramount title of a third person, see note in 33 L.R.A.(N.S.) 681.

**Defendant estopped from denying plaintiff's title.**

> 4. Defendant, a commission merchant, sold a carload of stock consigned to it by plaintiff, and received the proceeds thereof which it refuses to deliver to plaintiff. The case is not within any of the exceptions to the above rule and defendant is estopped from denying plaintiff's title to such proceeds.

Action in the district court for Dakota county to recover $874.97. The Hansboro State Bank of Hansboro, North Dakota, filed its complaint in intervention. The case was tried before Johnson, J., who when plaintiff rested denied defendant's motion to dismiss the action as to the bank, and at the close of the testimony granted plaintiff's motion for a directed verdict. From the order denying its motion for a new trial, defendant appealed. Affirmed.

*P. H. O'Keefe,* for appellant.

*D. L. Grannis,* for respondent.

TAYLOR, C.

The trial court directed a verdict for plaintiff. Defendant made a motion for a new trial and appealed from the order denying it.

Steve Williams, a stock buyer at Hansboro, North Dakota, bought from farmers in that vicinity enough stock to make a carload, and paid for part of it but lacked money to pay for the remainder. He was already indebted to the Hansboro State Bank for money previously borrowed. He went to plaintiff, cashier of that bank, and made an agreement with him that the bank should furnish the money to pay for the remainder of the stock, and that the stock should be shipped and sold by plaintiff as consignor. Plaintiff claims and testified that it was agreed that the money then to be advanced by the bank should first be repaid out of the proceeds of the stock, and that the remainder of such proceeds should be applied upon the prior indebtedness of Williams to the bank. Pursuant to the agreement, the balance due for the stock was paid by the bank upon checks issued by Williams, and the stock was shipped by plaintiff as consignor to defendant, a corporation doing business as a commission merchant or factor at South St. Paul, Minnesota, as consignee. Plaintiff sent the bill of lading attached to a draft upon defendant to a bank at South St. Paul. Defendant received the stock, sold

it and received the proceeds, and made the usual report of the sale to plaintiff as consignor, but refused to pay the draft. It is admitted that the net proceeds of the sale, after deducting commissions and expenses, was the sum of $874.97, the amount reported by defendant. Plaintiff made a demand for this amount which was refused, and he sued to recover it. In defense it was contended in the trial court that defendant had furnished a part of the money used by Williams in buying the stock, and also had a claim against him for money advanced to buy other stock, and that, under the factor's lien law of North Dakota, defendant had a lien upon the funds in its hands for the amount due it from Williams. We fail to find any foundation for a factor's lien, and that claim was not seriously urged upon the argument in this court. Defendant's contention in this court is that the evidence made a question for the jury as to whether Williams had agreed with plaintiff that the proceeds of the stock over and above the amount advanced by the bank for the purchase thereof should be applied upon the prior indebtedness of Williams to the bank. This contention is based upon statements contained in Williams' deposition, tending to deny that he had agreed that such surplus should be so applied. In considering this contention, the first question presented is whether defendant is in position to controvert plaintiff's claim. There is no evidence that either plaintiff or the bank had any knowledge that defendant had furnished any of the funds used in buying the stock, and there is nothing in the case impugning the entire good faith of either plaintiff or the bank.

It is a well-settled rule in the law of bailments that the bailee must return the property or its proceeds to the possession of the bailor before he can assert a claim thereto adverse to the bailor. In 3 R. C. L., p. 87, the rule is stated thus: "A bailee, when he receives the property by virtue of the bailment, legally admits the right of the bailor to make the contract of bailment. After this subservient relation of the bailee to the bailor in respect to the property is established, the law forbids him to dispute the title of the bailor. So far does this principle of estoppel obtain, that although the title to the goods may be in the bailee, and even though he may have received them in ignorance of his own right, having accepted the possession of them in the capacity of bailee he is estopped from claiming them by title until he has fulfilled the obligations of the trust by returning

them to his bailor." See also Jensen v. Eagle Ore Co. 47 Colo. 306, 107 Pac. 259, 33 L.R.A. (N.S.) 681, and cases cited in note appended to report of that case in 19 Ann. Cas. 519. One of the reasons assigned for this rule is that the bailee is given possession of the property by reason of the trust reposed in him by the bailor, and that good faith on his part requires him to restore to the bailor the advantage arising from possession of the property before asserting that the bailor is not entitled to it. To permit him to deny his bailor's title without surrendering possession would enable him to use his position of trust to cast upon the bailor the burden of proving title by a preponderance of the evidence, and perhaps in a foreign jurisdiction, when otherwise such burden would rest upon himself. If he claim an interest in the property or its proceeds, not through but adverse to his bailor, it is his duty to reinstate the bailor in possession, and then he is at liberty to assert and enforce such adverse claim. A factor or commission merchant is entrusted with property for the purpose of selling it, and is both a bailee and the sales agent of the bailor. The reasons for the rule are equally strong in such cases, and the rule is recognized and applied by the courts therein. Bain v. Clark, 39 Mo. 252; Graff & Co. v. Caldwell, 7 Rich. (S.C.) 130; Bank of Port Gibson v. Burke, 4 Rob. (La.) 440; Jones v. Louisville Tobacco W. Co. 135 Ky. 824, 121 S. W. 633, and on rehearing 123 S. W. 307; Britton v. Ferrin, 171 N. Y. 235, 63 N. E. 954; Kennedy v. Strong, 14 Johns. 127.

To the rule that a factor is estopped from denying his bailor's title there are various exceptions, as where he has yielded to a paramount title asserted by a third party without his connivance, or where the actual shipper fraudulently consigns the property in the name of another for the purpose of defrauding the factor out of his advances (see Holden v. Maxfield, 94 Minn. 27, 101 N. W. 955; also Thomas v. Northern Pacific Exp. Co. 73 Minn. 185, 75 N. W. 1120); but the present case is not within any of the exceptions. It follows that defendant is estopped from denying plaintiff's title to the proceeds of the stock and that the ruling of the trial court was correct.

Order affirmed.