SEWANEE FUEL & IRON CO. *v.* FRED C. LEONARD *et al.*

(*Nashville.* December Term, 1917.)

INTERPLEADER. Who may maintain. Trespass.

Where an admitted trespasser had mined coal on land claimed by two other parties, and both sued, the trespasser could not maintain a bill of interpleader, or a bill in the nature of a bill of interpleader, to determine to whom it was indebted.

Cases cited and approved: American Tel., etc., Co. v. Day, 52 N. Y. Sup. Ct., 128; Morristown First Nat. Bank v. Bininger, 26 N. J. Eq., 345; Shaw v. Coster, 8 Paige (N. Y.), 339; Slingsby v. Boulton, 1 Ves. & Bea., 334; Stephenson v. Burdett, 56 W. Va., 109.

Case cited and distinguished: Quinn v. Green, 36 N. C., 229.

FROM GRUNDY.

Appeal from the Chancery Court of Grundy County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Foss H. MERCER, Chancellor.

C. H. GARNER and C. C. MOORE, for appellants.

FULTS & SCHWOON and SPEARS & SPEARS, for defendants.

Mr. Justice Green delivered the opinion of the Court.

This was a bill of interpleader filed by the complainant against Fred C. Leonard and others on the one hand, and W. C. Stone and associates on the other hand. Complainant alleged that it had mined certain coal on a thirty-acre tract of land in Grundy county and was indebted either to the one set of parties or the other for the value of this coal; that both parties had sued it, and it filed this bill to compel the claimants to interplead and have their rights determined and to have a decree directing to whom the complainant should respond for the value of the coal taken.

No order was entered in the chancery court sustaining the bill as one of interpleader. On the hearing the chancellor dismissed the bill, but decreed that Stone and associates were the owners of the tract of land involved. The court of civil appeals held that the chancellor was in error in passing a decree in favor of one set of defendants after dismissing the bill of interpleader. That court reversed the chancellor and remanded the case, with directions that the bill be sustained as a bill in the nature of a bill of interpleader and directed further proceedings toward accomplishing the purposes for which the bill was filed.

A petition for *certiorari* has been filed by Stone and associates, and this petition is herewith granted.

We are of opinion that complainant's bill cannot be sustained at all,

It appears from the bill and otherwise in the record that the Sewanee Coal, Coke & Land Company was formerly in possession of the tract of land from which the coal was taken. About the year 1908 this company conveyed a large boundary of land, embracing the tract in question, to the complainant Sewanee Fuel & Iron Company.

Prior to this conveyance, Stone and associates had brought a suit in ejectment against the Sewanee Coal, Coke & Land Company to recover land including that from which the coal was taken. This suit was pending at the time of the deed from the Sewanee Coal, Coke & Land Company to the complainant, and complainant admits actual knowledge thereof.

After the conveyance to the complainant of said land, the coal in question was mined. The complainant avers in its bill that it did not conceive that the ejectment suit against its predecessor in title involved the particular land from which it took this coal, but it is admitted in the bill that it did take coal from land later adjudged by this court, in the suit mentioned, to be the property of Stone and others.

Complainant's bill avers that Leonard and associates are now claiming the ownership of said land under a title which is alleged by Leonard to be superior to the title of Stone and associates. As

stated before, it was averred in the bill that both sets of claimants had sued the complainant for the value of the coal mined from the thirty-acre tract.

Waiving the old rule of privity, which it was said must exist between defendants, to justify the filing of a bill of interpleader against them, but which is now said to be somewhat relaxed, we are of opinion that this bill cannot be maintained because the complainant, as disclosed by its bill, is a wrongdoer.

It is well settled that a bill of interpleader cannot be sustained where it appears that as to either of the defendants the plaintiff is a wrongdoer. 11 Enc. of Pl. & Pr., 457; 23 Cyc., 9; 15 R. C. L., p. 227; and notes, 35 Am. Dec., 72; 91 Am. St. Rep., 605. We find no case in which a complainant admittedly a trespasser as to both defendants has sought to maintain a bill of interpleader.

A plaintiff liable for conversion cannot interplead a party making the charge with others claiming adversely to him under whom the plaintiff acted. 11 Enc. Pl. & Pr., 458, citing *American Tel., etc., Co. v. Day*, 52 N. Y. Super. Ct., 128.

It has frequently been adjudged that a sheriff who has committed a trespass by levying upon the property of the wrong person cannot maintain a bill of interpleader against the owner and the execution creditor. *Morristown First Natl. Bank* v. *Bininger,* 26 N. J. Eq., 345; *Shaw* v. *Coster,* 8 Paige (N. Y.), 339, 35 Am. Dec., 690; *Quinn* v. *Green,* 36 N. C. (1 Ired. Eq.), 220 26 Am. Dec., 46.

In *Quinn* v. *Green,* supra, the court said:

"*Slingsby* v. *Boulton,* 1 Ves. & Bea., 334, was a bill of interpleader by a sheriff, similar to the present, and on the motion for an injunction Lord Eldon inquired for an instance of such a bill by a sheriff, and, none being cited, he declared the sheriff to be concluded from stating a case of interpleader, because in such a bill the plaintiff always admits a title against himself in all the defendants. He said, "a person cannot file such a bill who is obliged to state that as to some of the defendants the plaintiff is a wrongdoer."

In a case arising in West Virginia, where the complainant had cut certain timber under a contract with one person and another person claimed to own the land and to be entitled to the proceeds of the timber, the right of the party taking the timber to file a bill of interpleader or a bill in the nature of a bill of interpleader was denied. It was held that such a bill could not be maintained if it disclosed, in the event of the establishment of the claim of one defendant, that the plaintiff would stand as to him in the attitude of a trespasser. *Stephenson* v. *Burdett,* 56 W. Va., 109, 48 S. E., 846, 10 L. R. A. (N. S.), 748.

When a bill shows that the complainant will stand in the attitude of a trespasser as to either defendant, establishing his claim, however the controversy may result, for a stronger reason it cannot be upheld.

In *Stephenson* v. *Burdett,* supra, the court discusses the difference between a bill of interpleader and a bill in the nature of a bill of interpleader. The

authorities are reviewed, and it is concluded that there is no difference in the general principles governing such bills, except that a plaintiff with an interest in the subject-matter may maintain a bill in the nature of a bill of interpleader. This seems obviously true.

There appears to be no special equity in complainant's favor. It perhaps did operate without actual knowledge of Leonard's claim to the land, and, although it avers that it mined the coal in ignorance of the fact that the land for which Stone and associates sued its predecessors included the site of its operations, we think such ignorance was not excusable. The pleadings in the case of Stone and associates against the Sewanee Coal, Coke & Land Company must have identified the land with certainty, otherwise this court could not have made a decree adjudicating title to the land to belong to Stone. It is said that the officers and stock-holders of complainant and its predecessor company are the same. Moreover, it purchased pending the suit of Stone and others, which described the land with sufficient precision to enable the court to decree it to them and, notwithstanding actual notice of this suit, took out the coal for the value of which it has since been sued.

Objection to complainant's bill was taken by demurrer of Stone and others. The demurrer was overruled with leave to rely on the same in the answer. There appears to have been no regular hearing of

the cause, but it was submitted to the chancellor on brief. If the demurrer was not called to the attention of the chancellor in a formal manner, the character of the hearing perhaps will excuse such omission. At any rate, the bill discloses no equity on its face and may very well be dismissed for that reason.

The decree of the court of civil appeals must therefore be reversed, and complainant's bill dismissed at its costs, together with all other proceedings herein.