## CIRCUIT COURT OF FAIRFAX COUNTY

Sovran Bank, N.A.

v.

Bedford Park Associates
Limited Partnership
and Prosper N. Hill

February 7, 1991

Case No. 115831

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is Sovran Bank's Motion for Entry of an Order Granting its Bill of Interpleader and defendant Prosper N. Hill's Motion for Leave to File a Counterclaim.

The relevant facts of this case are not disputed. In March of 1986, defendant Prosper N. Hill, management agent of Bedford Park Associates Partnership, opened an account at Sovran entitled "Bedford Park, C.T. Escrow Account No. 2690-9509." On November 17, 1989, John R. Wilson, a general partner of Bedford Park Associates, sent a letter to Sovran informing the bank that Hill's check-writing authority on the account was revoked pursuant to Wilson's alleged authority under a partnership agreement between Wilson and Hill. *See* Exhibit A, Memorandum of Law in Support of Sovran bank's Motion for Entry of Order Granting Bill of Interpleader. Sovran froze the funds in the account in late November, 1989, pending receipt of a letter of instruction. After receiving a letter of instruction endorsed only by Wilson, Sovran refused to lift the freeze on the partnership funds.

Sovran filed its Bill of Interpleader on April 13, 1990, asking that defendants Bedford Park Associates and Hill be compelled to submit their respective claims regarding the account to the Court and seeking to be discharged from all further liability regarding the interpleaded account. On November 20, 1990, Sovran filed the motion presently before the Court for entry of an order granting its Bill of Interpleader. In its motion, Sovran also sought to enjoin the defendants from instituting any proceedings against Sovran "arising out of or related to" the account. *See* Motion for Entry of Order Granting Bill of Interpleader, paragraph 3. On December 21, 1990, defendant Hill filed the second motion presently before the Court for leave to file a Counterclaim against Sovran for improperly filing the Bill of Interpleader and for improperly refusing to disburse funds in the account. The Court took Sovran's motion under advisement after a hearing on December 21, 1990.

The parties do not dispute that the requirements for interpleader specified in Va. Code § 8.01-364 (1984) have been satisfied. Rather, the central issue is whether Sovran's potential independent liability to one of the claimants, which would bar an interpleader action at common law, prevents Sovran from interpleading the funds under the present statute.

Independent liability typically occurred in two situations at common law. First, it might arise where the stakeholder had expressly agreed to assume liability to one of the claimants, such as by contract or through the express acknowledgment of one of the claimant's title to the interpleaded fund. *Runkle v. Runkle*, 112 Va. 788, 796 (1911). Independent liability also occurred by operation of law based on the very relationship between the stakeholder and the claimant, such as a bailor-bailee relationship. *Id. See also* Note, "The Independent Liability Rule as a Bar to Interpleader in the Federal Courts," 65 Yale L. J. 715 (1956). The legislature did not address the status of the independent liability rule in the present interpleader statute, and the Virginia courts have not considered the issue.

Most federal courts, in construing the federal interpleader statute upon which the Virginia statute is modeled, permit independent liability because the historical reasons

for applying the rule no longer exist. Note, "Interpleader in Virginia," 13 U. Rich. L. Rev. 331, 345-346 (1979); Wright, Miller & Kane, *Federal Practice & Procedure*, sect. 1706 at 520 (1986). At common law, many courts did not grant a Bill of Interpleader. where independent liability existed because of the additional requirement that all the claims involved in the interpleader action be derived from a common source. *See, Nicholas v. Harrisonburg Bldg. & Supply Co.*, 181 Va. 207, 215 (1943); *Bell Storage Co. v. Harrison*, 164 Va. 278, 288 (1935); *Runkle*, 112 Va. at 796; 65 Yale L. J. at 719. The common source requirement was expressly abolished in the federal statute and in Va. Code § 8.01-364. Because of the integral relationship between these two concepts, many courts and commentators reason that the legislature also silently abolished the independent liability rule. 65 Yale L. J. at 719.

The common law application of the independent liability rule also rested on the stringent common law limitations on joinder of parties and actions. Since the independent liability claim was logically and procedurally distinct, it traditionally could not be joined with the dispute between the claimants in the interpleader action. *See, id.* at 720; 13 U. Rich. L. Rev. at 345 (citing 3A Moore's Federal Practice, note 8, paragraph 22.11). This procedural barrier to adjudicating all the claims in one action has been eliminated by the current flexible provisions for joinder of parties and claims. 65 Yale L. J. at 720; 13 U. Rich. L. Rev. at 346 (citing Wright, *Law of Federal Courts*, § 74 at 364 (3rd ed. 1976)). For example, in Virginia the claimant may now assert his cause of action for independent liability against the stakeholder by filing a Counterclaim or Cross-Bill pursuant to Va. Supreme Court Rules 2:13 and 3:8.

The final major justification for requiring the absence of independent liability was based on the perceived function of the Bill of Interpleader at common law. The Court traditionally only granted a Bill of Interpleader where the stakeholder could be dismissed from the action and discharged from further liability. 65 Yale L. J. at 715, 720. As a result, a claimant alleging independent liability lost his cause of action against the stakeholder with the grant of the Bill of Interpleader. This earlier rationale for applying the rule is eliminated by the present

statutory provision in Va. Code § 8.01-364 which gives the Court discretion but does not require the Court to discharge the stakeholder from further liability regarding the disputed funds and to dismiss the stakeholder from the action. Based on this statutory modification, the Court may thus require the stakeholder to remain in the suit to defend the independent liability claim even though the Bill of Interpleader is granted. 65 Yale L. J. at 721; 13 U. Rich. L. Rev. at 347.

Accepting the reasoning of the federal courts as applicable here, I find that Sovran's motion for entry of its Bill of Interpleader should be granted without regard to its alleged independent liability to defendant Hill. I decline to enter an order discharging Sovran from further liability for the funds, however, or enjoining the defendants from instituting further proceedings regarding the account, in light of the allegations of Sovran's independent liability to Hill. *See* 3A Moore's Federal Practice § 22.14[3]. Therefore, the portions of Sovran's motion seeking the discharge from further liability and an injunction are denied.

The remaining issue to be addressed is defendant Prosper Hill's Motion for Leave to File a Counterclaim, which the Court will treat as one for leave to file a Cross-Bill in equity pursuant to Va. Supreme Court Rule 2:13. The Court grants Hill's motion in the interests of judicial economy based on the close relationship between the Bill of Interpleader and the Cross-Bill.