# CIRCUIT COURT OF ROCKINGHAM COUNTY

Prudential Insurance Co.

v.

Elizabeth Clark et al.

June 3, 1999

Case No. CH99-17162

BY JUDGE JOHN J. MCGRATH, JR.

David Norton Siver departed this life on April 20, 1998. His death has now become a cottage industry of litigation. Three federal lawsuits were filed in the Western District of Virginia on behalf of three relatives of Mr. Siver alleging a mishandling of his body, two lawsuits were filed in the Circuit Court of the City of Richmond making the same allegations, and one lawsuit was also filed in this Court making identical allegations.

However, a second major litigation front was opened when it was discovered that Mr. Siver died leaving a group life insurance policy with a death benefit of $252,000.00. In the Designation of Beneficiary Form allegedly executed on January 2, 1997, the entire proceeds of the life insurance policy were left to Ms. Elizabeth S. Clark, a friend of Mr. Siver. This Designation of Beneficiary superseded a designation that the decedent had executed in March of 1989 naming his then wife as primary beneficiary and his surviving children as contingent beneficiaries.

On August 31, 1998, the K-Mart Corporation, Mr. Siver's employer at the time of his death, forwarded to Prudential Insurance Company the appropriate forms and notation that Mr. Siver had died on April 20, 1998. K-Mart also indicated that Mr. Siver's brother, Peter Siver, who was the executor of his estate, was contesting any insurance payment to Ms. Clark on a number of grounds, including, *inter alia*, an allegation made by Mr. Peter Siver on August 6, 1998, that the Designation of Beneficiary Form executed on January 2, 1997, "may have been forged."

After receipt of this information, Prudential Insurance Company through its Claims Department encouraged Mr. Peter Siver who represented the estate and spoke on behalf of Mr. Siver's children by his first wife to seek to reach a mutually agreeable accord with Mrs. Elizabeth Clark, who was designated as the sole beneficiary on the January 2, 1997, beneficiary designation. The desire to have the matter agreed upon was fruitless, and on January 27, 1999, Prudential Insurance Company filed the instant interpleader action in this Court naming Mrs. Clark, Mr. Siver's former wife, and his three children as defendants.

Mrs. Clark, by this time a resident of Maryland, launched a third front in the litigation by filing a state court action in Montgomery County, Maryland, captioned *Elizabeth Clark v. Prudential Ins. Co.*, Case No. 196745, seeking a declaration from the Maryland state court that the January 2, 1997, Designation of Beneficiary naming Mrs. Clark as sole beneficiary was valid and ordering Prudential to make payment pursuant thereto. Prudential Insurance immediately removed the Montgomery County, Maryland, case to the United States District Court for the District of Maryland (Southern Division) and then filed a Motion for Dismissal with Prejudice or, in the alternative, for a stay. Shortly thereafter, on March 8, 1999, Mrs. Clark voluntarily dismissed her federal lawsuit in Maryland against Prudential Insurance Company.

Mrs. Clark's response was to file an Amended Answer and Cross-Bill in this action in which she has reiterated her entitlement to the funds and by way of a Cross-Bill which asserts two counts for relief. Count I is a Request for Declaratory Relief that she is the rightful owner of the money in question, and Count No. II is a breach of contract action against Prudential Insurance alleging that they have breached their contractual obligation to make a payment of $252,000.00 to her under the provisions of the insurance policy.

This matter comes before the Court upon Prudential's motion for entry of summary judgment including, but not limited to, an order requiring the payment into Court of the $252,000.00 plus interest and, in addition, a

declaration that it is absolved from further liability on this contract of insurance and related relief. Prudential also requests its attorneys' fees for litigating the state and federal court matter in the Maryland fora plus the attorneys' fees and costs it has incurred in prosecuting the instant interpleader action in this Court.

It is well established that the Virginia interpleader statute was patterned after the federal interpleader statute and should be construed liberally to accomplish its salutary ends. Essentially the interpleader statutes were enacted to reduce excessive and possibly conflicting litigation that can arise when there are multiple claimants to the same fund. The salutary effect of such litigation is to provide one single forum in which all claimants to a particular fund may have their grievances heard and a determination may be made as to the appropriate party or parties to receive the funds in question.

In this action, Defendant claims that it is entitled to pursue an entirely separate action in its cross-claim against the insurance company for a breach of contract for a failure to have paid it the amount in question. That appears from the pleadings to be the sole and exclusive basis upon which the Defendant claims a right to have any separate recovery against the insurance company. Although there is some precedent in Virginia for the proposition that a defendant may assert in an interpleader action a cross-bill or a counterclaim against the stakeholder (*Sovran Bank, N.A. v. Bedford Park Assocs., Ltd.*, 23 Va. Cir. 110 (Fairfax County, 1981)), the facts alleged in this case simply do not warrant in independent action against the stakeholder.

Stripped of its hyperbole, Defendant Clark's position is that (a) Prudential should have conducted an investigation of the disputed claims, (b) determined which claim was valid, (c) then paid the money to the claim Prudential felt had the most merit, and (d) sit back and wait to be sued by the losing party, and (e) faced the distinct possibility that a court would reach a contrary conclusion and then expose Prudential to double payment. This, of course, was just the type of dilemma that interpleader was designed to eliminate. A stakeholder need only have a reasonably articulable fear of inconsistent claims before it invokes interpleader; it need not conduct an extensive investigation or even believe that all claims are legitimate. See, e.g., *Equitable Life Assurance Soc. v. Porter Englehart*, 867 F.2d 79 (1st Cir. 1989); *Board of Supervisors of Fairfax County v. Peterson*, 19 Va. Cir. 57 (Fairfax County 1989).

It is indisputable from the evidence adduced in discovery that the first notification Prudential Insurance Company had of Mr. Siver's death was a letter received from the K-Mart Director of Welfare Benefits notifying the insurance company that Mr. Siver had died on April 20, 1998, and that there

was a dispute concerning the validity of the last Beneficiary Designation naming Mrs. Elizabeth Clark as the beneficiary.

With this information, Prudential Insurance Company appears to have proceeded expeditiously to notify all the relevant parties of a dispute concerning the claim to the insurance proceeds and to request that they work out something on a mutually agreeable basis. Prudential, upon finding out that an amicable resolution of the matter could not be reached, promptly filed in this Court its interpleader action under § 8.01-364 of the Code of Virginia.

This is a classic case for the application and use of the statutory interpleader action. The only argument the Defendant, Clark, offers against the dismissal of the interpleader action is that she has filed an Amended Answer and Cross-Bill asserting in Count II that Prudential is liable to her on a theory of breach of contract for the $252,000.00 plus the allegation that the insurance carrier is liable pursuant to Virginia Code § 38.2-209 to pay the reasonable attorneys' fees of Mrs. Clark in pursuing this litigation.

This Court does not take a position on whether as stated in *Sovran Bank, N.A. v. Bedford Park Assocs., Ltd. Partnership, supra,* a separate cause of action may be stated in a cross-bill against the stakeholder but merely concludes that under the state of the uncontested facts in this case, summary judgment in favor of the Plaintiff stakeholder is warranted.

The entire purpose of the interpleader statute would be severely restricted, if not utterly defeated, if every time a stakeholder filed an interpleader action one of the claimants to the fund could file a cross-bill against the stakeholder alleging a breach of contract for having failed to pay them the very money which is the subject of the interpleader. This would be the height of absurdity and would render the interpleader statute quite ineffectual in reducing unnecessary litigation. Therefore, summary judgment for the Plaintiff in this matter will be and hereby is granted.

In addition, under the authority set forth in *Pettus v. Hendricks,* 113 Va. 326 (1912), Prudential has requested a payment of their attorneys' fees for both the state and federal actions in Maryland and their actions in this case. This Court is of the view under *Pettus v. Hendricks, supra,* that the Plaintiff stakeholder is entitled to recover reasonable attorneys' fees and their costs in initiating and prosecution this action in the Virginia Circuit Court. It is not the place of this Court to compensate the stakeholder for any expenses it may have incurred in the Maryland state courts or in the federal court proceeding in Maryland.

As is noted in *Pettus* and cases cited therein, the award to the stakeholder will be made from the proceeds, but such award will be charged to the losing

party at the conclusion of the litigation so that it will not be a burden upon the rightful recipients of the funds. Therefore, it is hereby adjudged, ordered, and decreed that Plaintiff shall recover $8,000.00 in fees and $1,000.00 in costs from the interpleaded funds which have been deposited with the Court. Such amount shall be taxed as costs of the non-prevailing party or parties at the conclusion of these proceedings. It is further ordered that the Defendants are enjoined from instituting or prosecuting any other proceeding against the Plaintiff in any Court arising out of the Prudential Insurance Company of America's group policy of insurance which had a death benefit of $252,000.00 payable upon the death of David Siver.

It is further ordered that Plaintiff need not respond to any discovery that has previously been propounded hereto but may be liable for discovery as a non-party in any ongoing litigation in this or other courts.

The parties other than Prudential Insurance Company shall file a praecipe for a Motions Day so that a trial date may be selected and a Pre-Trial Order entered.

The Clerk of this Court is requested to send attested copies of this Opinion and Order to Glen Franklin Koontz, Esq., and Elizabeth Hughes, Esq., counsel for Defendant, Elizabeth Clark, to Heather H. Anderson, Esq., counsel for Prudential Insurance Company of America, to Peter V. Vaden, Esq., counsel for Defendants, James P. Siver, Sarah M. Siver, and Esther A. Siver, and to Thomas H. Miller, Esq., guardian ad litem for the minor defendant, Christopher D. Siver.