# CIRCUIT COURT OF FAIRFAX COUNTY

Deepak Goel,
Jasinder Sarna,
and Northern Virginia
Wellness Center, L.L.C.

v.

Osage Contracting, Inc.,
Quality Sheet Metal, Inc.,
Pro-Tec Plumbing & Heating, Inc.,
Elite Development, Inc.,
and C & C Custom Millwork

July 22, 2003

Case No. (Chancery) 184667

BY JUDGE RANDY I. BELLOWS

This matter came before the Court on Friday, July 18, 2003, on Plaintiffs' Motion to Permit Deposit of Funds with Court. The Court took the matter under advisement at the conclusion of the hearing. Upon consideration of the arguments of counsel, I deny the Motion to Permit Deposit of Funds with Court.

On June 20, 2003, Plaintiffs filed a Petition for Interpleader in this Court. The Petition alleges that Plaintiff Northern Virginia Wellness Center, L.L.C. ("NVWC") leased premises on Leesburg Pike from Charles E. Smith. Plaintiffs Goel and Sarna, principals in NVWC, entered into a contract with Osage Contracting, Inc. Osage was to construct certain improvements to the rented premises. Plaintiffs allege that, after agreeing to an extension of the construction deadline until April 25, 2003, they ultimately terminated the contract on May 7, 2003. They further allege that the total amount owed to Defendant Osage pursuant to the parties' contract and agreed changes is $110,665.00 and that they actually paid $87,861.00 to Osage. Plaintiffs assert

that "the balance due and owing to Osage Contracting, Inc., after subtracting the amounts previously paid, the cost for the water damage caused by the contractor, the additional costs to the architect, and the cost paid to the [other] contractor to complete the job, the balance due and owing is $13,405.90, which your Plaintiffs are voluntarily tendering to the court with the filing of this Interpleader action."

At the outset, the Court would note that Defendant Quality Sheet Metal's reliance on *Bell Storage Co. v. Harrison*, 164 Va. 278, 180 S.E. 320 (1935), for the proposition that "in order to maintain an bill of interpleader, it is essential that the plaintiff should be entirely indifferent between the conflicting claims," while a correct statement of the common law, is not applicable to this statutory interpleader case. See Virginia Code Ann. § 8.01-364 (Michie 2003); *Sovran Bank, N.A. v. Bedford Park Assocs.*, 23 Va. Cir. 110 (Fairfax County 1991) (per Annunziata, J.) (discussing the demise of the common law "independent liability rule" and noting that the current Code § 8.01-364 "gives the Court discretion but does not require the Court to discharge the stakeholder from further liability regarding the disputed funds."). Thus, it is possible for a stakeholder to file a petition for interpleader pursuant to Code § 8.01-364 despite possibly being liable to one or more of the other claimants on an independent ground.

This Court is of the opinion, however, that interpleader is not permissible in a case such as this one, where the amount of the stake itself is a matter subject to judicial determination. In other words, the $13,405.90 which Plaintiffs have proffered as the amount at issue in this case is not a pre-existing fund or amount of money but rather is the amount that Plaintiffs have calculated and asserted as the limit of their liability to the Defendants in this case. The actual amount of Plaintiffs' liability, if any, under the mechanics' lien statutes and/or any breach of contract claims that may be asserted in the future remains a matter for litigation. Thus, it is not appropriate for the Court to accept an amount chosen by the Plaintiffs as a stake in an interpleader action, particularly where the parties appear to recognize that the Plaintiffs ultimately could be held liable for a different sum.

Even if the Court were to find that interpleader was appropriate in this case, the Court is of the opinion that it would be inappropriate to grant the relief requested by Plaintiffs. Plaintiffs ask this Court to "join all parties who may have any claim to the funds and determine how the funds are to be divided; that, pending this cause, the court enter an Order restraining all claimants from instituting or prosecuting any proceeding in any court of the Commonwealth

affecting the property involved in this action until further order of the Court. . . ." Certainly Virginia Code § 8.01-364 gives the Court discretion to "restrain[] all claimants from instituting or prosecuting any proceeding ... affecting the property involved in the interpleader action until further order of the court." Va. Code Ann. § 8.01-364(C) (Michie 2003). The interpleader statute further provides, however, that "the remedy herein provided is in addition to and in no way supersedes or limits the remedy provided by any other section of this Code." Va. Code Ann. § 8.01-364(B) (Michie 2003). In this case, granting the relief requested by Plaintiff would effectively limit the remedy provided by Virginia Code § 43-1, *et seq.*, the mechanics' lien statutes. While it may be true that the Defendant contractor and subcontractors in this case may be granted leave to file cross-bills in equity under certain circumstances, see *Sovran Bank, N.A. v. Bedford Park Assocs., supra,* the Court declines to find at this point that such a scenario would provide adequate relief for Defendants in lieu of their right to file mechanics' liens pursuant to Code § 43-1, *et seq.*

## Order

This matter came before the Court on the Plaintiffs' Motion to Permit Deposit of Funds with Court. It appearing to the Court that the Motion to Deposit Funds with Court should be denied; it is therefore ordered that the Plaintiffs' Motion to Deposit Funds with Court is denied.