## GENERAL AMERICAN LIFE INS. CO. v. FLOOM et al.

Civ. A. No. 9268.

United States District Court
W. D. Pennsylvania.

March 19, 1951.

Dickie, Robinson & McCamey (H. A. Robinson), Pittsburgh, Pa., for plaintiff.

Patterson, Crawford, Arensberg & Dunn (James Wilson Crawford), Pittsburgh, Pa., for defendants, Milton John Floom and Mary Elizabeth Floom.

William F. Donatelli, Pittsburgh, Pa., for defendants, Gertrude Marie Kelly and Robert J. McKean.

BURNS, District Judge.

In its bill, plaintiff, a Missouri corporation, alleges that it is successor to a corporation which issued a group policy of life insurance; that, as a member of the insured group, one Margaret Ann McKean received Certificate #1915 in the face amount of $2,000; that she died on July 16, 1950; and that defendants Gertrude Marie Kelly and Robert J. McKean, citizens of Pennsylvania, contest the right of the named beneficiaries, defendants Milton John Floom and Mary Elizabeth Floom, Ohio citizens, to receive the proceeds. The bill further alleges that Margaret Ann McKean misstated her age in her application for insurance, so that an additional premium of $128.64 is due plaintiff. Filing the instant "Bill in the Nature of a Bill of Interpleader", and

depositing $1,871.36 into the registry of this Court, plaintiff sought to have this Court (a) determine the rightful beneficiaries of the policy in question and (b) enjoin defendants from litigating the matter in any other court.

This Court gave a rule to show cause why the relief should not be granted. In answer thereto, defendants Milton John and Mary Elizabeth Floom have moved for dismissal of the bill; and defendants Gertrude Marie Kelly and Robert J. McKean have filed an answer to the bill, which answer includes a cross-claim against the Floom defendants. Subsequent to oral argument of the motion to dismiss, plaintiff reports that it has deposited an additional $128.64 into the registry of this Court.

The basis of the motion to dismiss is the theory that, in claiming $128.64 of the proceeds of the policy, plaintiff is not acting as a purely disinterested stakeholder, which status is asserted by the Floom defendants to be essential to the maintenance of suit. Connecticut General Life Insurance Co. v. Yaw, D.C.W.D.N.Y. 1931, 53 F.2d 684, is cited in support of that contention. That case may be assumed to be a correct interpretation of the statute as it was in 1931. Since that time, however, the statute has been amended; and the present law, 28 U.S.C.A. §§ 1335, 2361, provides specifically for bills in the nature of interpleader, which the bill here under consideration is designated. As was pointed out in United States v. Sentinel Fire Ins. Co., 5 Cir., 1949, 178 F.2d 217, 223, in a bill in the nature of interpleader, the plaintiff "need not stand neutral as to all of the claims of all of the parties." See also Equitable Life Assur. Soc. of United States v. Maloney, D.C.E.D.Mo. 1948, 85 F.Supp. 212, 215, and the decision of Judge Marsh of this Court in Westinghouse Electric Corp. v. United Electrical Radio & Machine Workers, D.C.W.D.Pa. 1950, 92 F.Supp. 841, 843. The development of bills in the nature of interpleader is set forth in some detail in John Hancock Mutual Life Ins. Co. v. Kegan, D.C.D.Md. 1938, 22 F.Supp. 326, 328 ff., and need not be here repeated. It is sufficient to state

that, there being a complete diversity of citizenship between the two sets of adverse claimants and between plaintiff and all claimants, the right of plaintiff to a bill in the nature of interpleader is not defeated because plaintiff seeks recovery of a premium deficiency from the proceeds of the policy.

And now, March 19, 1951, the motion of Milton John Floom and Mary Elizabeth Floom to dismiss this cause and to dismiss the order of this Court dated January 3, 1951, will be, and hereby is, denied.