**UNITED STEELWORKERS OF AMER-**
**ICA, AFL–CIO, Plaintiff-Appellant,**

v.

**HAMILTON STEEL PRODUCTS, INC.,**
**Nathan Yorke and the Union Central**
**Life Insurance Company, Defendants-**
**Appellees.**

No. 16967.

United States Court of Appeals
Seventh Circuit.

Dec. 19, 1968.

Gilbert Feldman, Chicago, Ill., for appellant, Kleiman, Cornfield & Feldman, Chicago, Ill., of counsel.

Richard V. Henry, Jr., J. Robert Geiman, Sheribel F. Rothenberg, Herbert C. Loth, Jr., Chicago, Ill., for appellee, Union Central Life Ins. Co., Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., of counsel.

Before HASTINGS, KILEY and CUMMINGS, Circuit Judges.

PER CURIAM.

In a prior phase of this litigation, we held that Section 301(a) of the Labor Management Relations Act (29 U.S.C. § 185(a)) did not confer upon the United Steelworkers of America ("Union") the right to intervene in a declaratory judgment and interpleader action brought by Union Central Life Insurance Company ("Union Central") with respect to an insurance policy issued to Hamilton Steel Products, Inc. ("Hamilton"). See 374 F.2d 820. Shortly after the promulgation of that opinion, the Union filed its own suit, purportedly based on Section 301(a) of the Labor Management Relations Act and on the Federal Declaratory Judgment Act, seeking appropriate distribution of the proceeds of the policy which Hamilton had purchased from Union Central. The de-fendants in the new action were Hamilton, which had been adjudicated a bankrupt in 1965, Nathan Yorke, Hamilton's bankruptcy trustee to whom its assets had been transferred, and Union Central. These defendants were among the parties in the prior interpleader action filed by Union Central and not yet terminated.

The district court granted Union Central's motion to dismiss. We affirm.

Section 301(a) of the Labor Management Relations Act provides federal jurisdiction of "Suits for violation of contracts between an employer and a labor organization." Our analysis of the present complaint does not show that it is based on any violation of a contract between Hamilton and the Union. Instead, in this new lawsuit, the Union is seeking basically the same relief that Union Central is seeking in its interpleader action pending against Hamilton, Nathan Yorke, and various representatives of the Union.

The bankruptcy trustee has pointed out that jurisdiction of the Union's lawsuit might "conflict with the jurisdiction over your respondent [the bankruptcy trustee] and the assets of Hamilton Steel Products, Inc. ("Hamilton") vested in this court, sitting in bankruptcy in Case No. 64–B–1072." The trustee has also advised that in the interpleader action brought by Union Central, he is claiming certain of the funds held by Union Central under its insurance policy with Hamilton, on the ground that they are assets of the bankruptcy estate. We think it was within the discretion of the district court to refuse to entertain the Union's Section 301 suit at this late date, for the issues can be properly disposed of in the interpleader and bankruptcy proceedings. The new suit filed by the Union should not be permitted to oust the interpleader and bankruptcy courts of their prior jurisdiction. See In re Muskegon Motor Specialties Co., 313 F.2d 841 (6th Cir. 1963), certiorari denied sub nom. UAW v. Davis, 375 U.S. 832, 84 S.Ct. 51, 11 L.Ed.2d 63.

The judgment is affirmed.