## NATIONAL SURETY CORPORATION
v.
## GLOBE INDEMNITY COMPANY
Civ. A. No. 71-482.

United States District Court,
E. D. Pennsylvania.

Aug. 26, 1971.

———◆———

Paul J. Donnelly, Philadelphia, Pa. for plaintiff.

Melvin J. Lashner, Philadelphia, Pa., for J. Paul Martin, trustee, etc.; Adelman & Lavine, Philadelphia, Pa., on the brief.

S. Gordon Elkins, Philadelphia, Pa., for Globe Indemnity; Stradley, Ronon, Stevens & Young, Philadelphia, Pa., on the brief.

John F. Penrose, Asst. U. S. Atty., Richard A. Scully, U. S. Dept. of Justice, for the United States.

Edward A. Hosey, Asst. Atty. Gen., for Com. of Pennsylvania.

## OPINION

JOHN W. LORD, Jr., Chief Judge.

Plaintiff, a surety writing company, has requested the Court to grant interpleader among the parties, pursuant to 28 U.S.C.A. § 1335, in order that a number of conflicts concerning $22,211.82 may be resolved. For reasons set forth within the opinion, we refuse the motion.

National Surety Corporation (hereinafter National) executed Performance Bonds and Labor and Material Bonds with James J. O'Brien and Daniel L. Redmond, Jr., trading as O'Brien and Redmond (hereinafter Bankrupts), as principal, and the Commonwealth of Pennsylvania as obligee. This was done in connection with six contracts between the latter two parties for road construction in certain counties of the Commonwealth. Because of the failure of the Bankrupts to pay labor and material claims, plaintiff paid out $159,629.54 to parties who had furnished labor and material to the Bankrupts.

As a further security to the plaintiff, the Bankrupts executed an assignment

of claim whereby National was to receive any award made to the Bankrupts by a Commonwealth arbitration board on one of the contracts. In connection with this assignment, filing statements were made under the Uniform Commercial Code, 12A P.S. §§ 1–101 et seq., under which plaintiff alleges a perfected claim.

National then instituted suit in the Court of Common Pleas of Dauphin County, Pennsylvania, to recover from certain officers of the Commonwealth the balance due on certain of the aforementioned construction contracts, as well as balances on three other contracts involving the Bankrupts and Erie, Beaver and Delaware counties. This claim was based upon the Bankrupts' assignment to National and the filing of the forms under the Code.

As a result of the suit, National was paid the balance due on the first set of six contracts, which it had bonded, as well as the balance of $52,991.13, due under the second set of three contracts with Erie, Beaver and Delaware counties. At the time of payment, National executed a Bond of Indemnity to indemnify the Commonwealth against any loss suffered by reason of the payments to it.

Plaintiff subsequently made two disbursements from the fund created by the contracts with Erie, Beaver and Delaware counties. First Massachusetts Bonding and Indemnity Company (now Hanover Insurance Company, and hereinafter referred to as Hanover), which had bonded the contracts between the Bankrupts and two of the counties, made a claim against National for part of the contract balance received under the Delaware County contract, and for all of the contract balance on the Beaver County contract. Hanover's claim, which was paid by National, arose out of their subrogation rights resulting from payments made by it to persons who furnished labor and materials on the two contracts.

National paid $10,100 to the law firm of Saul, Ewing, Remick & Saul as a result of a claim under an Attorneys' Charging Lien, based on funds received by National on the Delaware, Beaver and Erie County contracts. At the time of this payment, Saul, Ewing, Remick & Saul agreed to indemnify National against loss by reason of said payment to them. By reason of these two disbursements, National is in possession of $22,211.82 which it claims is the amount which should be the total sum involved in the interpleader action.

A number of law suits have since been filed, which we enumerate while proceeding toward the body of the complaint. Globe instituted suit against certain officers of the Commonwealth for money allegedly paid by Globe under the Beaver County contract.

Martin, trustee of the Bankrupts, instituted suit in the Philadelphia Court of Common Pleas claiming all of the funds received by National from the Commonwealth, including the funds received from the three county contracts above described.

Globe brought suit in the Philadelphia Court of Common Pleas claiming the amount allegedly paid by Globe under its Labor and Material Bond, with interest, under the Erie county contract.

The United States of America instituted an action in the United States District Court for the Eastern District of Pennsylvania against the Pennsylvania Highway Department, claiming the contract balances, with interest, due from the three enumerated county contracts. This was based upon a levy stated to have been made by the United States against the Commonwealth, pursuant to Section 7401 of the Internal Revenue Code of 1954. The liability creating whatever lien the United States might have arises from obligations of the Bankrupts.

The United States has filed tax liens; the Commonwealth has threatened to hold National liable under plaintiff's letter of indemnification for moneys paid to Globe; and it is alleged that the Commonwealth may bring in National as

a Third-Party Defendant in the suit by the United States against the Commonwealth.

National has brought this interpleader alleging that the various suits in which it has become embroiled have left it with conflicting claims to be satisfied, and doubts as to what amounts, if any, are due to the various parties. National states that it has incurred no independent liability to any of the defendants.

National claims that the subject matter of the interpleader is the balances of the contracts with three of the counties, i.e., Delaware, Beaver and Erie, each and all of them political subdivisions of this Commonwealth. National has filed a bond in the amount which it claims comprises the entire interpleader sum.

Plaintiff has petitioned this Court to restrain the defendants in this action from proceeding further, as far as the subject matter of the interpleader is concerned, with the above enumerated suits; to restrain any further suits; and to require that the plaintiff and defendants interplead and settle among themselves whatever rights they may have to the $22,211.82.

## DISCUSSION

Plaintiff's motion to restrain the various defendants is inappropriate and untimely in that it will not dispose of the actions now existing.

State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967), held that, "The fact that State Farm had properly invoked the interpleader jurisdiction under § 1335 did not, however, entitle it to an order both enjoining prosecution of suits against it outside the confines of the interpleader proceeding and also extending such protection to its insured. * * *" *Id.* at 533, 87 S.Ct. at 1205.

That this Court may enter an order for interpleader in certain actions is unquestionable, but we are not mandated to do so in this case. 28 U.S.C.A. § 2361 provides, in relevent part:

"In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court *may* issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court * * *." (Emphasis supplied.)

While those cases which have considered the discretionary nature of interpleader have done so with regard to suits improperly sought to be joined to interpleader, United Steelworkers of America, AFL–CIO v. Hamilton Steel Products, Inc., 404 F.2d 878 (7th Cir. 1968), and whether or not a jury action existed as of right in interpleader suits, Liberty Nat. Life Ins. Co. v. Brown, 119 F.Supp. 920 (M.D.Ala.1954), it is clear that there is no compulsion upon the Court to grant the relief.

"We recognize, of course, that our view of interpleader means that it cannot be used to solve all the vexing problems of multiparty litigation * * *. But interpleader was never intended to perform such a function, to be an all-purpose 'bill of peace'." State Farm Fire & Casualty Co. v. Tashire, 386 U.S. *supra* at 535, 87 S.Ct. at 1206.

It is obvious, therefore, that this Court will not grant interpleader where it feels no good will flow from the order. Such is the case here. The plaintiff's own pleadings make it clear that there are suits pending by the defendants against themselves and plaintiff which are independent of the alleged fund sought to be interpleaded by National Surety. Globe, for example, has sued the Commonwealth for money allegedly due from one county contract, regardless of whether or not the Commonwealth has paid that money to National Surety. The United States claims monies from the Commonwealth by reason of its tax lien, which the United States may be able to recover regardless of the fact that the Commonwealth has paid those monies to National. Globe's claims against the Commonwealth and National

have no relationship to the fund, so that it may continue those actions without regard to the determination made in this case. It is obvious, therefore, that this one action will not settle the many claims outstanding among the parties to this suit.

While we feel that this one aspect of the case could be dispositive of it, we note also that the plaintiff has failed to deposit the sum required by statute. 28 U.S.C.A. § 1335 requires that the "plaintiff [deposit] such money or property or [pay] the amount of or the loan or other value of such instrument of the amount due under such obligation into the registry of the court, * * *."

Plaintiff has posted bond for $22,211.-82, which it alleges is the full amount in controversy. Its own pleadings admit, however, that this is the amount of the balance of the funds on the three contracts which it did not bond which are still in its hands. As plaintiff itself has pleaded, it obtained $52,993.13 from these three contracts, and, as is also admitted by National, both the trustee of the contractor and the United States are claiming the larger amount. Therefore, the minimum deposit figure acceptable from plaintiff would be the $52,-993.13. Kitzer v. Phalen Park State Bank of St. Paul, 379 F.2d 650 (8th Cir. 1967); Frank Briscoe Company v. Albert Pick Co., 282 F.Supp. 321 (D.N.J. 1968); and Grace v. Carroll, 219 F. Supp. 270 (S.D.N.Y.1963). As was stated by the court in Metal Transport Corporation v. Pacific Venture Steamship Corporation, 288 F.2d 363 (2nd Cir. 1961):

"As a general rule, when a sum of money is involved, a district court has no jurisdiction of an action of interpleader if the stakeholder deposits a sum smaller than that claimed by the claimants. Section 1335 gives the district courts jurisdiction over such actions when a stakeholder has in his possession money or property 'of the value of $500 or more,' if 'two or more * * * claimants * * * are claiming or may claim to be entitled

to such money or property' and if the stakeholder 'has deposited such money * * * into the registry of the court.'" *Id.* at 365. (Emphasis in the original)

See also 3A Moore's Federal Practice (2d Ed.), p. 3080, § 22.10, and Kooman, Federal Civil Practice (1969), p. 479, § 22.08.