# BECHTEL POWER CORPORATION

### v.

**BALTIMORE CONTRACTORS, INC., James E. McFadden, Inc., Henkels & McCoy, Inc., Northern Lehigh Erectors Corporation, Warren-Ehret-Linck Company, Precast Services, Inc., G & H Steel Service, Inc., Duo Metals & Iron Works, Inc., Nolfi Masonry Corporation, S.W. Kooperman, Inc., Wharton Hardware Supply Corporation, Southeast Metal Deck Company, and Bethlehem Steel Corporation.**

### Civ. A. No. 83–5305.

United States District Court,
E.D. Pennsylvania.

Jan. 10, 1984.

Creed C. Black, Jr., Philadelphia, Pa., for plaintiff.

Bruce Smith, Atlanta, Ga., for defendant Northern Lehigh Erectors.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

On November 2, 1983 Bechtel Power Corporation ("Bechtel") filed this interpleader action against sixteen defendants. At the time of the filing there were three cases pending in this district arising out of the same transaction: (1) *Henkels & McCoy, Inc. v. Baltimore Contractors, Inc.*, C.A. 83–1090 (assigned to Judge Hannum); (2) *James E. McFadden, Inc. v. Baltimore Contractors, Inc., et al.*, C.A. 83–1905 (assigned to Judge Giles); and (3) *Northern Lehigh Erectors Corp. v. Bechtel Power Corp., et al.*, C.A. 83–4034 (assigned to Judge Troutman). All of the plaintiffs in those actions are named defendants in this interpleader action. In *McFadden* and *Northern Lehigh*, Bechtel is a defendant. In *Henkels & McCoy*, Bechtel is named as a garnishee.

The interpleader is brought by Bechtel pursuant to 28 U.S.C. §§ 1335, 1397 and 2361 and Fed.R.Civ.P. 22. The dispute arises from construction of the Circulating Water Pumphouse for Units 1 and 2 of the Limerick Generating Station in Montgomery County, Pennsylvania. Bechtel, apparently acting as construction manager of the project, entered into a written contract, Subcontract Agreement, No. 8031–SC–50 (the "Subcontract Agreement"), with Baltimore Contractors, Inc. ("Baltimore") for the construction by Baltimore of the pumphouse. Baltimore thereafter entered into a number of second-tier subcontracts with all of the named defendants, except, of course, Baltimore, for the provision of labor, materials, equipment or supplies in connection with Baltimore's construction of the pumphouse. Bechtel alleges that, pursuant to the Subcontract Agreement, it withheld retainage from its regular progress payments to Baltimore, amounting to the maximum authorized amount of $250,000. Bechtel labels this as "the fund."

In late 1982 Baltimore allegedly informed Bechtel that Baltimore had closed its business and that Baltimore owed certain second-tier subcontractors amounts totalling over $433,900. The three pending cases were subsequently filed. The lower-tier subcontractors seek certain unpaid contract amounts. Some, if not all, of the defendants in this interpleader are looking directly to Bechtel for their claims. Bechtel contends that it is not liable to any of the defendants. It further claims an interest in the fund for Baltimore's alleged breach of contract. The total amount claimed by the various second-tier subcontractors exceed the fund. Bechtel claims an interest exceeding the amount of the fund.

In its prayer for relief, Bechtel seeks: (1) an order preliminarily enjoining or restraining McFadden, Northern Lehigh and Henkels from prosecuting the three pending cases; (2) an order transferring the cases to a single judge as related matters and consolidating them with this interpleader matter, or staying them pending disposition of the interpleader action; (3) an order preliminarily enjoining and restraining each of the defendants during the pendency of this action from instituting any action of any kind whatsoever against Bechtel, "in respect of or affecting recovery of part or all of the amounts in the Fund or any other amounts claimed owing to Baltimore under the Subcontract Agreement"; (4) entry of judgment in favor of Bechtel and against Baltimore and such other defendants as the court deems appropriate, on Bechtel's contractual, legal, and equitable claims; (5) entry of judgment in favor of Bechtel and against such defendants as assert any claims against Bechtel relating to work performed on the Limerick Project; (6) determination of the interest, if any, of each claimant and defendant in the fund and direction of payment of any such amount; and (7) the award of reasonable counsel fees, interest, and costs. (Complaint.) Bechtel has moved for a stay of related cases, or in the alternative, for their consolidation.

Defendant Northern Lehigh has filed a motion to dismiss the complaint in inter-pleader and a motion in opposition to Bechtel's motion for stay and consolidation. United States Fidelity and Guaranty Company ("USF & G"), not a party to this action but claiming to have interests that would be affected by the motion to stay or consolidated the other cases, is a defendant in *James E. McFadden, Inc. v. Baltimore Contractors, Inc., et al.*, C.A. 83–1905. USF & G, in an *amicus* memorandum, opposes the motion to stay or consolidate that case with the interpleader action. It takes no position on the propriety of the use of interpleader since it is not a party to the interpleader action.

■ It is Northern Lehigh's position that Bechtel's complaint is fatally defective because Bechtel failed to either deposit the fund with the court or post a bond in the amount of the fund. However, the docket sheet reflects that on November 23, 1983 a bond in the amount of $250,000 was posted by The American Insurance Company on behalf of Bechtel. A court order filed that same date approved the bond. Therefore, assuming such posting to be a jurisdictional prerequisite, it has been fulfilled.

Northern Lehigh further argues that interpleader is substantively not available to Bechtel. The interpleader statute provides:

§ 1335. Interpleader (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or

property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another. June 25, 1948, c. 646, 62 Stat. 931. 28 U.S.C. § 1335.

■ The remedy of interpleader is one in equity and is governed by equitable principles. *Miller & Miller Auctioneers, Inc. v. G.W. Murphy Industries,* 472 F.2d 893, 895 (10th Cir.1973) (and collected cases). Although earlier equitable interpleader required that a plaintiff have incurred no independent liability to any of the claimants, the modern trend has been toward allowing interpleader despite the existence of such a claim. *Libby, McNeil, and Libby v. City National Bank,* 592 F.2d 504, 507 (9th Cir.1978) (citing C. Wright, Handbook of the Law of Federal Courts § 74, at 364 (3d ed. 1976)). "[T]he mere potentiality of independent stakeholder liability, separate from liability for the interpleader fund, will not defeat interpleader jurisdiction." *Id.*

The Court of Appeals for this circuit has not specifically determined that this earlier requirement has been abandoned. In fact, the Third Circuit affirmed dismissal of an interpleader based on the "well stated" reasons of the district court which determined that "the plaintiff has incurred a liability to certain of the defendant claimants.... Therefore, he is without rights to enter this court." *Boice v. Boice,* 48 F.Supp. 183, 184 (D.N.J.), *aff'd* 135 F.2d 919 (1943). The vitality of this ruling is in doubt considering the modern trend. C. Wright, Handbook of the Law of Federal Courts § 74, at 364 (3d ed. 1976). It has, however, been re-affirmed in this circuit. *B.J. Van Ingen & Co. v. Connolly,* 225 F.2d 740, 744–745 (3d Cir.1955) ("We intend no departure from the doctrine consistently recognized in this circuit that the Federal Interpleader Act should be construed and applied liberally *'first, to relieve a stakeholder without interest* from present litigation, and secondly, to relieve *such a one* from future litigation by adjudicating the claims of all parties in one suit.'" (emphasis supplied)). Lower courts in this district have indicated that the granting of interpleader should not be allowed in those cases where the interpleader action "will not settle the many claims outstanding among the parties to [the] suit." *National Surety Co. v. Globe Indemnity Co.,* 331 F.Supp. 208, 211 (E.D.Pa.1971). *See also United Services Automobile Assn. v. Germantown Savings Bank,* 449 F.Supp. 901, 904 (E.D.Pa. 1978) (court allowed interpleader where such action "would at least resolve the plaintiff's disputes with the various defendants").

Even in those jurisdictions allowing interpleader despite the existence of other independent claims against the stakeholders, it appears preferable that the stakeholder in the interpleader action be disinterested in the fund itself. *Knoll v. Socony Mobil Oil Co.,* 369 F.2d 425, 428 (10th Cir.1966), *cert. denied* 389 U.S. 893, 88 S.Ct. 18, 19 L.Ed.2d 212 (1967).[1] That is not to say, however, that interest in the fund is an automatic bar to the granting of relief by interpleader. *See General American Life Ins. Co. v. Floom,* 96 F.Supp. 488, 489 (W.D.Pa.1951).

---

1. The *Knoll* court noted, however, that in an interpleader suit wherein the plaintiff asserts no claim to the funds deposited, the court lacks jurisdiction to hear a counterclaim. *Knoll v. Socony Mobil Oil Co.,* 369 F.2d at 429.

To determine, then, whether interpleader is appropriate in this case, the court must look to the purpose of such a procedure while keeping in mind the equities involved. The Third Circuit has stated that "Congress has sanctioned, 28 U.S.C. §§ 1335, 2361, to relieve an obligor from the vexation of multiple claims in connection with a debt *which he admittedly owes to someone.*" *Francis I. duPont & Co. v. Sheen,* 324 F.2d 3, 4 (3d Cir.1963) (emphasis supplied). What is troublesome to the court in the case *sub judice* is Bechtel's true posture that it denies that it owes the fund *to anyone.* It is making claim to the entire fund. This is not truly a case where there are competing claims to a limited fund. Nor is Bechtel potentially "subjected to double vexation upon a *single liability.*" 3A Moore's Federal Practice § 22.08[1]. The plaintiffs in the pending cases of *James B. McFadden, Inc.* and *Northern Lehigh* assert direct independent claims against Bechtel which the plaintiffs do not seek to have paid from the $250,000 held by Bechtel on behalf of Baltimore and which arise from completely different liabilities. Although Bechtel, of course, would like to limit its liability to the $250,000 "fund," the theories pursued by those plaintiffs along with other second-tier subcontractors who may attempt to obtain recovery directly from Bechtel could result in judgments totalling more than $250,000. Bechtel is not a surety company confronted with claims which, although not mutually exclusive, exceed a policy limit. Interpleader would be appropriate in such a case. The $250,000 has no real bearing on Bechtel's potential liability except insofar as that amount is pursued in the form of garnishment by those plaintiffs seeking to execute judgments against Baltimore. Were Bechtel simply seeking to have the court determine the respective amounts Bechtel must pay to creditors of Baltimore, which claims would be competing for the $250,000, then the total litigation would more properly belong in a single forum and proceeding.

*State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 534, 87 S.Ct. 1199, 1205, 18 L.Ed.2d 270 (1967). As the court stated in *National Surety Corp. v. Globe Indemnity Co.,* 331 F.Supp. *supra* at 210:

> That this Court may enter an order for interpleader in certain actions is unquestionable, but we are not mandated to do so in this case.

.    .    .    .    .

> It is obvious, therefore, that this Court will not grant interpleader where it feels no good will flow from the order. Such is the case here. The plaintiff's own pleadings make it clear that there are suits pending by the defendants against themselves and plaintiff which are independent of the alleged fund sought to be interpleaded. . . .

Although Bechtel's desire to resolve in one litigation all of its outstanding liabilities is understandable, the court views the equities as weighing against the use of interpleader. To embroil the other parties in the various other matters in an interpleader action which may ultimately have no bearing on their respective rights appears to this court to be so inequitable as to require dismissal of the interpleader.[2]

**2.** Based on the disposition of Northern Lehigh's motion, the plaintiff's motion to stay or consolidate other actions will be denied.