# CIRCUIT COURT OF THE CITY OF ROANOKE

George A. McLean, Jr.

v.

Robert Young's
Auto & Truck, Inc.,
and Ryan Matthew Worley

March 4, 2016

Case No. CL 13-1367

BY JUDGE CHARLES N. DORSEY

Defendant, Robert Young's Auto & Truck, Inc. ("Young's Auto"), appealed to this Court, from the Roanoke City General District Court, on June 11, 2013. After considering the arguments, counsel's letters, and the applicable statutes, the Court has decided that the funds in this interpleader action shall be divided equally between Robert Young's Auto & Truck, Inc., and Ryan Matthew Worley.

## Facts

The pertinent facts of this matter are straightforward. This matter arose from a real estate transaction that George A. McLean, Jr., handled, involving Robert R. Young. Mr. Robert R. Young is the 100% stock owner of Robert Young Auto & Truck, Inc. The bank lending the money for the transaction required that a judgment against Young's Auto be released. Young's Auto claims that the judgment has been satisfied, while the other defendant in this action, Ryan M. Worley, claims that the judgment has not been satisfied. Mr. McLean interpleaded the $1,610.00 at issue with the Court. Both defendants claim title to the $1,610.00.

The judgment in question stems from Worley's filing suit for the return of tools and stereo equipment that was in Young's Auto's possession. The Roanoke City General District Court gave Young's Auto the option of either returning the tools and stereo equipment to Worley or paying Worley the

value of the items. Young's Auto alleges that it elected to return Worley's tools and stereo equipment.

It appears that Young's Auto gave Worley the opportunity to retrieve his tools and stereo equipment; however, Worley testified that the tools presented were not his. Young's Auto responded to Worley's assertion that the tools were not his by asserting that it is Worley's burden to prove that Young's Auto failed to satisfy the judgment. In support of its argument, Young's Auto stated that Worley did not provide any specifics as to the type of tools that Young's Auto retained, that Worley decided to wait over a year to retrieve these tools, and that Young's Auto was a gratuitous bailee of the tools and thus only owed a slight duty of care to Worley's property.

## Analysis

An order or judgment from a court not of record in which the matter in controversy is greater than fifty dollars in value can be appealed to a court of record, and the appeal shall be heard *de novo*. Va. Code § 16.1-106.

There is no *per se* burden in an interpleader action. However, in an interpleader action, the parties who claim an interest in the *res* are required to prove their rights to it. *Jones v. Caldwell,* 61 Va. Cir. 408, 418, 2003 Va. Cir. LEXIS 220 at **23 (Winchester, 2003); *Board of Supervisors of Fairfax Cnty. v. Peterson,* 19 Va. Cir. 57, 60, 1989 Va. Cir. LEXIS 380, at *6 (Fairfax County 1989). With that principle being recognized, the Court must simply decide how the funds are to be apportioned.

The defendants' attorneys have sent letters to the Court expressing their views as to who has to overcome the burden. The parties believe that the current action is similar to a motion for satisfaction of judgment, with the burden being whether the judgment from the court below was satisfied or not. Throughout their letters to the Court, the parties shift this burden to one another, but neither party has proven a superior right to the money, nor has either party disproved the other's claim to the money. Therefore, the Court finds it is proper to divide the money equally.

## Conclusion

For the reasons stated above, the Court finds that neither Young's Auto nor Worley has demonstrated that the money is completely theirs. With each side demonstrating to the Court that they have some claim to the money, the Court finds that dividing the money equally between the two parties is the most equitable resolution to this case.